1 **KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
2 david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
3 mona@kazlg.com
245 Fischer Avenue, Unit D1
4 Costa Mesa, California 92626
Telephone: (800) 400-6808
5 Facsimile:  (800) 520-5523

6 *Attorneys for Plaintiff,*
JAMIE HIDALGO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE HIDALGO,<br><br>    Plaintiff,<br><br>vs.<br><br>**SURF CITY AUTO LLC DBA HUNTINGTON BEACH CHRYSLER DODGE JEEP RAM,**<br><br>    Defendant. | Case No.: '22CV0612 W  AGH<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681,** *et seq.* **("FCRA")**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//
//

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff JAMIE HIDALGO ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant SURF CITY AUTO LLC DBA HUNTINGTON BEACH CHRYSLER DODGE JEEP RAM ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional.

6. Unless otherwise indicated, the use of a defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

- 2 -
COMPLAINT

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named defendant.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under federal question pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as the events that give rise to this action occurred within the City of Huntington Beach, California, which is within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Spring Valley, County of San Diego, State of California.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14. Defendant is a limited liability company that does business as Huntington Beach Chrysler Dodge Jeep Ram, an automobile dealership which is located and does business in the City of Huntington Beach, County of Orange, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant impermissibly acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

//
//
//

## STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

//
//

## FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times relevant, Defendant conducted business within the State of California.

24. On or about March 19, 2022, Plaintiff visited Defendant's place of business, the Huntington Beach Chrysler Dodge Jeep Ram dealership in Huntington Beach, California.

25. Plaintiff did not sign any paperwork, nor authorize Defendant to access his credit reports.

26. In fact, Plaintiff explicitly told Defendant to not access his credit reports and expressed he did not want his credit ran until after he received a breakdown of the potential purchase price of the vehicle.

27. Defendant assured Plaintiff that they would not access his credit.

28. Defendant represented to Plaintiff that Defendant only needed Plaintiff's information to purportedly build his profile for its system and that Plaintiff's credit would not be accessed.

29. When Defendant provided Plaintiff a breakdown of the potential purchase price of the vehicle, Plaintiff asked Defendant if his credit had been accessed yet to confirm that it hadn't been; however, Defendant responded that it had already run an inquiry of Plaintiff's credit.

30. Upset by the unauthorized access to his credit information, Plaintiff left Defendant's dealership and did not purchase a vehicle or complete any transaction with Defendant on or around March 19, 2022.

31. A few days later, Plaintiff checked his credit report and noticed a total of six (6) new "hard inquiries" being reported on his Equifax, Experian, and TransUnion credit reports, including the credit inquiry by Defendant and other lenders presumably initiated by and/or through Defendant as well.

32. Plaintiff did not give Defendant any consent – verbal, written or otherwise – authorizing Defendant or any of these lenders to access his credit report.

33. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

34. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

35. Through this conduct of telling Plaintiff that Defendant would not make any inquiry to access his credit, then making an unauthorized consumer report inquiry regarding Plaintiff, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report without consent and for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

36. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

37. As a result of Defendant's illegal actions, Plaintiff has suffered an invasion of privacy, Plaintiff's credit reputation has been tarnished, and his credit score was lowered because of the credit inquiries initiated by Defendant.

38. Due to Defendant's actions, Plaintiff has also suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting his daily life, work, and personal relationships.

## CAUSE OF ACTION

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §§ 1681, ET SEQ.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

40. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

41. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

42. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
- Any and all other relief that this Court may deem just and proper.

//
//
//

**TRIAL BY JURY**

43. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: April 29, 2022

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ Mona Amini
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.
*Attorneys for Plaintiff*